# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

DARRYL TAYLOR,

            Petitioner,      :      Case No. 1:17-cv-267

  - vs -                             District Judge Michael R. Barrett
                                    Magistrate Judge Michael R. Merz

TIM BUCHANAN, Warden,
  Noble Correctional Institution

                                      :

            Respondent.

## REPORT AND RECOMMENDATIONS ON MOTION FOR RECONSIDERATION

This habeas corpus case is before the Court on Petitioner's Motion for Reconsideration in which he asks that the dismissal Order in this case be suspended (ECF No. 15). The Magistrate Judge treats the Motion as a motion for relief from judgment made under Fed. R. Civ. P. 60(b)(1), based on Petitioner's claim that judgment was entered by mistake without giving him the required time to make objections. As a post-judgment motion, the Motion for Reconsideration is deemed referred for report and recommendations under 28 U.S.C. § 636(b)(3).

On May 17, 2018, the Magistrate Judge filed a Report recommending that the Petition herein be dismissed (ECF No. 10). The Report notified Petitioner that he "may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail." *Id.* at PageID 542. Seventeen days after May 17, 2018, was June 3, 2018, which was a Sunday. By virtue of

Fed. R. Civ. P. 6, then, Petitioner had until June 4, 2018, to file objections. Because he is incarcerated, his objections would have been timely if they had been deposited in the inmate mail system on June 4, 2018.

Petitioner did not mail objections by June 4, 2018. Instead, on June 5, 2018, he mailed a Motion for Extension of Time, seeking another month for objecting (ECF No. 13). By the time the Court actually received that Motion, however, Judge Barrett had already entered judgment.

Petitioner argues that judgment was premature because his deadline was June 11, 2018, not June 4 (Motion, ECF No. 15, PageID 549). He reaches this conclusion by counting the seventeen days from May 24, 2018, the day he says he received the Report. *Id.* However, under the Federal Rules of Civil Procedure, the time for objecting runs from the date of service of the Report and Recommendations, not the date it is received. Fed. R. Civ. P. 72(b)(2). Under Fed. R. Civ. P. 5(b)(1)(C), service by mail is complete upon mailing, not receipt.

Petitioner speculates that "perhaps Petitioner's motion was in the Court's mail room prior to [when] the dismissal Order was even filed." Not so. The Order dismissing the case and the accompanying Judgement were entered on June 7, 2018. The Clerk did not receive the Motion for Extension until June 11, 2018, at 1:35 p.m., four days later. Although Petitioner sent his request for extension by certified mail, he has not sent a copy of the return receipt to corroborate his suggestion that his request languished in the Court's mail room before being file-stamped.

All of this may seem like hyper-technical nit picking over a day or two. At some times during a federal case, a day or two does not have legal significance. For example, Petitioner's Reply to the Return of Writ was due September 12, 2017, but was not filed until September 15, 2017 (ECF No. 8), and nothing has been made of that delay. Here, however, the Court has entered judgment dismissing the Petition. Once judgment is entered, a petitioner's time to appeal begins

to run and the Court has only limited authority to extend that time. More importantly, entry of judgment starts the clock running on a petitioner's right to file a motion to amend the judgment (28 days) and the Court has no authority to extend that time.

Because the Court did not cut short Petitioner's time to object, his Motion for Reconsideration is not well taken and should be denied. As the Magistrate Judge had previously advised Petitioner, if he has substantive objections to the decision dismissing his Petition, he can file a motion to amend the judgment not later than July 5, 2018, but that is a date the Court cannot extend.

June 19, 2018.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).