# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

DARRYL TAYLOR,

              Petitioner,     :     Case No. 1:17-cv-267

  - vs -                            District Judge Michael R. Barrett
                                         Magistrate Judge Michael R. Merz

TIM BUCHANAN, Warden,
  Noble Correctional Institution

                                   :

              Respondent.

# SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Objections (ECF No. 19) to the Magistrate Judge's Report and Recommendations recommending dismissal (ECF No. 10). Judge Barrett has recommitted the case for reconsideration in light of the Objections (Recommittal Order, ECF No. 20).

The Petition pleads five grounds for relief:

> **GROUND 1:** Petitioner's motion to suppress evidence in his case should have been granted because of the lack of a proper search warrant due to the insufficient probable cause and sufficiency of the affidavit, thus, violating his Fourth Amendment of the United States Constitution and Article 1, Section 14 of the Ohio Constitution.
>
> **GROUND 2:** The admission of evidence alleged to confirm the first controlled buy of drugs violated the petitioner's right against unreasonable search and seizure under the Fourth Amendment of the United States Constitution and Article 1, Section 14 of the Ohio Constitution.
>
> **GROUND 3:** The evidence presented at trial is insufficient to

> support petitioner's conviction for drug trafficking, which conviction is manifestly against the weight of the evidence, and the defense of entrapment is established, thus, acquittal is appropriate.
>
> **GROUND 4:** The petitioner was denied effective assistance of appellate counsel when he failed to raise petitioner's constitutional right to have the assistance of counsel for his defense.
>
> **GROUND 5:** The petitioner was denied effective assistance of appellate counsel when he failed to raise petitioner's constitutional right to raise petitioner's constitutional right to a fair trial by impartial, indifferent jurors.

.
(Petition, ECF No. 1, Page ID 4, 6, 11, 16 and 20.)

**Grounds One and Two: Violations of the Fourth Amendment**

The Report recommended that Grounds One and Two, which allege violations of the Fourth Amendment, should be dismissed under the doctrine of *Stone v. Powell,* 428 U.S. 465 (1976).

Taylor begins his Objections by asserting that procedural default was raised as a defense to his presentation of his Fourth Amendment claims. That is correct. In the Return of Writ Respondent pointed out that because Taylor "did not challenge in the state court the legality of the warrant and accompanying affidavit executed for the purposes of searching Taylor's home (or an affidavit attached to the complaint) this claim is procedurally defaulted." (Return, ECF No. 7, PageID 501.)

The Report does not discuss the procedural default defense as to Grounds One and Two, but decided these claims on the basis of *Stone v. Powell, supra* (Report, ECF No. 10, PageID 526). It is not necessary for the Court to consider the procedural default issue when the *Stone v. Powell* doctrine is dispositive.

**Grounds Four and Five: Ineffective Assistance of Appellate Counsel**

In his Fourth and Fifth Grounds for Relief,[1] Taylor asserts he was deprived of his Sixth Amendment right to the effective assistance of counsel (IV) "when he failed to raise Petitioner's right to have assistance of counsel for his defense" (PageID 16); and (V) "when he failed to raise Petitioner's constitutional right to a fair trial by impartial, indifferent jurors" (PageID 20). The Report recommended dismissing these two Grounds as barred by Taylor's procedural default in presenting them to the state courts (Report, ECF No. 10, PageID 541).

The only method Ohio recognizes for raising an ineffective assistance of appellate counsel claim is by Application to Reopen the appeal under Ohio R. App. P. 26(B). The Fourth District Court of Appeals refused to reach the merits of Taylor's ineffective assistance of appellate counsel claims because he failed in several respects to comply with the procedural requirements of that rule (see relevant portions of that court's decision quoted at Report, ECF No. 10, PageID 538-40).

Noting that a federal habeas court is bound by state court interpretation of state law, Taylor argues, "[t]he Ohio Supreme Court has held that a Rule 26(B) application is not part of the direct appeal process and, therefore, its denial cannot be construed as an estoppel to a full and fair opportunity to litigate a claim." (Objections, ECF No. 19, PageID 577, citing *State v. Davis*, 119 Ohio St. 3d 422 (2008).) That is a misreading of *Davis* where the syllabus rule is "[t]he filing of a motion seeking a discretionary appeal in this court does not create a bar to a merit ruling on a timely filed application to reopen an appeal claiming ineffective assistance of appellate counsel

---

[1] In the Petition, Taylor has two separate grounds labeled "IV." The second of these, beginning on PageID 16, is the claim analyzed here and in the Report as Ground Four.

under App.R. 26(B)." The *Davis* court then remanded the case for a ruling on the merits of the 26(B) application, holding that dismissing the 26(B) on the basis of *res judicata* was in error. Nothing of the sort is involved here. The Fourth District dismissed the 26(B) application for failure to comply with procedural portions of 26(B) itself, and not on *res judicata* grounds.

Taylor also asserts the procedural portions of the Rule "have never been strictly enforced." (Objections, ECF No. 19, PageID 578.) In support, however, he cites three cases from the Ohio Eighth District Court of Appeals. None of those precedents is binding on the Fourth District. Moreover, the most recent of those cases, *State v. Hubbard*, 2016-Ohio-918, 2016 Ohio App. LEXIS 943 (8th Dist. Mar. 9, 2016), the court enforced the ninety-day deadline for filing. The language relied on by Taylor is in Judge Kilbane's dissent, not the majority opinion. See *Hubbard* at ¶ 18. It is worth noting, too, that the Ohio Supreme Court has enforced the 90-day deadline set in 26(B), finding it a "reasonable procedural requirement." *State v. Gumm*, 103 Ohio St.3d 162, 163, 2004-Ohio-4755 ¶¶ 7-8 (2004); see also, *State v. Lamar*, 102 Ohio St.3d 467, 467-68 2004-Ohio-3976 ¶¶ 3-9 (2004); *State v. Cooey*, 73 Ohio St.3d 411, 412, 1995-Ohio-328 (1995); *State v. Elkins*, 74 Ohio St.3d 9, 10, 1995-Ohio-250 (1995).

State procedural rules bar federal habeas corpus review only if the rules are "firmly established and regularly followed." *Walker v. Martin,* 562 U.S. 307, 316 (2011); *James v. Kentucky*, 466 U.S. 341, 348-49 (1984); *Ford v. Georgia*, 498 U.S. 411, 423-24 (1991); *Barr v. City of Columbia*, 378 U.S. 146 (1964); *Rogers v. Howes,* 144 F.3d 990 (6th Cir. 1998); *Jones v. Toombs,* 125 F.3d 945, 946-47 (6th Cir. 1997). A procedural rule need not be followed in every case; it is sufficient if it is applied in the vast majority of cases. *Byrd v. Collins,* 209 F.3d 486, 521 (6th Cir. 2000), *citing Dugger v. Adams*, 489 U.S. 401, 410 n. 6 (1989). "[A]n occasional act of grace by a state court in excusing or disregarding a state procedural rule does not render the rule

4

inadequate." *Coleman v. Mitchell (Storey murder)*, 268 F.3d 417, 429 (6th Cir. 2001), *quoting Amos v. Scott*, 61 F.3d 333, 342 (5th Cir. 1995). "[A] discretionary state procedural rule can serve as an adequate ground to bar federal habeas review." *Beard v. Kindler*, 558 U.S. 53 (2009).

A petitioner must show more than an occasional act of grace by a state court by a state court in excusing or disregarding a state procedural rule for a federal court to conclude that the state procedural rule is inadequate because it is inconsistently applied. *Hutchison v. Bell,* 303 F.3d 720, 737 (6th Cir. 2002),*citing Coleman v. Mitchell*, 268 F.3d 417, 429 (6th Cir. 2001).

Here the portions of Rule 26(B) relied on by the Fourth District are part of the Rule as adopted by the Ohio Supreme Court. They are not unique to the Fourth District or somehow invented for this case alone. They serve the legitimate state interest of ensuring applications to reopen are properly supported and of obtaining finality of criminal judgments.

The Objections spend several pages discussing supposed cause and prejudice to excuse the procedural default (ECF No. 19, PageID 579-83). However, none of this discussion is directed to reasons why his 26(B) Application was improper as to form. Instead, he discusses the trial judge's hostile attitude about his claim of conflict of interest on the part of his trial attorney. The prejudice portion of this part of the Objections discusses prejudice arising from trial counsel's failure to move to suppress certain evidence. But that is not what is as issue on the Fourth and Fifth Grounds for Relief, which are directed to claims of ineffective assistance of **appellate** counsel.

**Ground Three: Insufficiency of the Evidence**

In his Third Ground for Relief, Taylor claims he was convicted on insufficient evidence. The Report concluded the Fourth District had thoroughly considered this claim under the relevant

federal standard provided by *Jackson v. Virginia,* 443 U.S. 307 (1979), and its conclusion was entitled to deference under the AEDPA (Report, ECF No. 10, PageID 536).

Taylor objects that the State failed to produce evidence sufficient to support a finding that his sale of drugs took place within one hundred feet of a juvenile. Taylor asserts the State was required "to present some sort of recording establishing this allegation beyond a reasonable doubt." (Objections, ECF No. 19, PageID 584.) The Fourth District's opinion recounts the eyewitness testimony of the confidential informant about age, gender, appearance, and proximity. *State v. Taylor*, 2016 Ohio App. LEXIS 1644, ¶ 27 (4th Dist. Apr. 27, 2016). The Fourteenth Amendment does not require recorded corroboration.

Taylor concludes his Objections by asserting that his buyers consented to buy the drugs and consent is a defense (Objections, ECF No. 19, PageID 584-85, citing *State v. Mehozonek*, 8 Ohio App. 3d 271 (8th Dist. 1983)). In that case the appellate court dismissed an indictment against several security guards for facilitating theft when in fact no theft had occurred. The case in no way suggests that consent is a defense to a drug trafficking charge.

**Conclusion**

Having reconsidered the case in light of the Objections, the Magistrate Judge again concludes it should be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not

be permitted to proceed *in forma pauperis*.

July 24, 2018.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).