# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

DARRYL TAYLOR,

    Petitioner,

v.

TIM BUCHANAN, Warden,
Noble Correctional Institution,

    Respondent.

CASE NO.: 1:17-cv-267

Judge Michael R. Barrett
Magistrate Judge Michael R. Merz

## OPINION AND ORDER

This matter is before the Court on the Report and Recommendations of the Magistrate Judge (Doc. 10), Petitioner's *pro se* objections (Doc. 19), the Supplemental Report and Recommendations of the Magistrate Judge (Doc. 22), and Petitioner's *pro se* supplemental objections (Doc. 23)—all pertaining to a petition for writ of habeas corpus. The Magistrate Judge also issued a Report and Recommendations (Doc. 18), which pertained to an intervening judgment (Doc. 12) that had adopted his initial Report and Recommendations. Convinced that this judgment was the result of an improper date calculation related to Petitioner's objection deadline, the Magistrate Judge recommended that it be reopened.

Having considered the filings de novo, the Court will grant Petitioner's Motion to Alter or Amend Judgment (Doc. 17) but will dismiss his petition for writ of habeas corpus (Doc. 1).

1

## I. BACKGROUND

Petitioner was convicted after a trial by jury of trafficking in oxycodone. *State v. Taylor*, 2016-Ohio-2781, ¶¶ 1, 5 (Ohio Ct. App.).[1] His conviction turned upon three controlled buys through a confidential informant, which led to a search warrant and his ultimate arrest. *Id.* at ¶¶ 5–7. He appealed his conviction and the Fourth District Court of Appeals (the "Fourth District") affirmed, except to the extent that the post-release control portion of his sentence was vacated for failure to advise of the same at the time of sentencing. *Id.* at ¶ 42. Petitioner then sought to reopen the appeal to assert a claim of ineffective assistance of appellate counsel under Ohio App. R. 26(B) (Doc. 6, PAGEID 164–178) as his petition for review by the Supreme Court of Ohio was pending. Both requests were ultimately denied. (*See id.* at PAGEID 163, 182, 196).

Petitioner's federal habeas petition sets out five grounds for relief:

> **GROUND 1**: Petitioner's motion to suppress evidence in his case should have been granted because of the lack of a proper search warrant due to the insufficient probable cause and sufficiency of the affidavit, thus, violating his Fourth Amendment of the United States Constitution and Article 1, Section 14 of the Ohio Constitution.
>
> **GROUND 2**: The admission of evidence alleged to confirm the first controlled buy of drugs violated the petitioner's right against unreasonable search and seizure under the Fourth Amendment of the United States Constitution and Article 1, Section 14 of the Ohio Constitution.
>
> **GROUND 3**: The evidence presented at trial is insufficient to support petitioner's conviction for drug trafficking, which conviction is manifestly against the weight of the evidence, and the defense of entrapment is established, thus, acquittal is appropriate.
>
> **GROUND 4**: The petitioner was denied effective assistance of appellate counsel when he failed to raise petitioner's constitutional

---

[1] The "determination of a factual issue made by a State court shall be presumed to be correct" absent "clear and convincing evidence" otherwise. 28 U.S.C. § 2254(e)(1).

right to have the assistance of counsel for his defense.

**GROUND 5**: The petitioner was denied effective assistance of appellate counsel when he failed to raise petitioner's constitutional right to raise petitioner's constitutional right to a fair trial by impartial, indifferent jurors.

(Doc. 10, PAGEID 525–26 (quoting Doc. 1, PAGEID 4, 6, 11, 16, and 20)).

## II. STANDARD OF REVIEW

When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1). General objections are insufficient to preserve any issue for review: "[a] general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object." *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Nevertheless, the objections of a petitioner appearing *pro se* will be construed liberally. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

## III. ANALYSIS

The Court has reviewed the Magistrate Judge's findings and considered all of the filings in this matter de novo. As a threshold matter, the Court finds that the Report and Recommendations (Doc. 18) concerning Petitioner's Motion to Alter or Amend Judgment (Doc. 17) correctly determines that Petitioner's objections to the initial Report and Recommendations should be considered timely. The Court will therefore adopt this Report and Recommendations—modified only to provide for the vacating of the Court's

3

prior Order (Doc. 11) adopting the initial Report and Recommendations (Doc. 10) in addition to reopening the Clerk's Judgment (Doc. 12). The Court further determines that Petitioner's objections should be overruled, and that the initial Report and Recommendations (Doc. 10) and the Supplemental Report and Recommendations (Doc. 22) should be adopted—adding the following analysis as it relates to Petitioner's pending supplemental objections.

Petitioner first objects to the Magistrate Judge's conclusion that he has not demonstrated cause and prejudice necessary to excuse the procedural default of his ineffective assistance of appellate counsel claims—grounds four and five. In support of his objection, he incorporates arguments made in his initial objections (*See* Doc. 23 (referencing Doc. 19, PAGEID 579–583)) and attaches a portion of the state court record pertaining to the motion to suppress and potential withdrawal of his trial counsel (Doc. 6-1, PAGEID 254–64). None of these materials explain (much less excuse) Petitioner's admitted (*see* Doc. 23, PAGEID 601) procedural default with respect to his ineffective assistance of appellate counsel claims, and Petitioner does not object to any specific aspect of the Magistrate Judge's reasoning that led him to recommend that these claims were procedurally defaulted. (*See* Doc 10, PAGEID 536–41).

Petitioner's first objection also appears to conflate the procedural default of the ineffective assistance of appellate counsel claims with a procedural default of the Fourth Amendment claims. As noted by the Magistrate Judge, he did not make his recommendations on the Fourth Amendment claims on the basis of procedural default,

but instead on the basis of *Stone v. Powell*, 428 U.S. 465, 494–95 (1976).[2] (*See* Doc. 22, PAGEID 594). Nevertheless, to the extent that Petitioner's references to his initial objections (Doc. 19, PAGEID 579–583) and the state court trial record (Doc. 6-1) could be construed as a specific objection to the Magistrate Judge's application of *Powell*, it remains unavailing. The Court concludes that Petitioner had "an available avenue . . . to present his claim to the state courts[.]" *Good v. Berghuis*, 729 F.3d 636, 639 (6th Cir. 2013). In so finding, the Court is not required to make "an inquiry into the adequacy of the procedure actually used to resolve that particular claim." *Id.* But it is clear here that the state court *was* interested in an adequate procedural mechanism to consider Petitioner's Fourth Amendment claims. Petitioner's trial counsel and the state had agreed that a motion to suppress "would have no basis in the law[,]" (Doc. 6-1, PAGEID 256), yet the trial court nevertheless asked that Petitioner's counsel prepare and file the motion based on Petitioner's stated reasons (*id.* at PAGEID 260–61).[3] The Fourth District also

---

[2] *Powell* held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Id.* at 494.

[3] In his first set of objections, incorporated by reference (*see* Doc. 23, PAGEID 601), Petitioner alludes to being coerced into waiving a conflict with his trial attorney—arguably an impediment to "full and fair" litigation on Fourth Amendment issues. (*See* Doc. 19, PAGEID 580). The record, however, does not bear this out. The following exchange took place a March 6, 2015 hearing:

> Court: And would you be willing to have [trial counsel] continue as your attorney and we take up this issue that concerns you [Petitioner] to get to the bottom of this and to figure out what the law is on it and have a preliminary decision. In other words this won't be part of the trial but this will be something that I'll be required to rule on, in writing. If I make a mistake in a case you've always got the Fourth District Court of Appeals, that you have an absolute right to take your case to if, at the end of this trial, you feel like my rulings were wrong on anything. You have the right to have them look over everything that I do. That's a three Judge panel that looks over what I do to make sure mistakes don't cause a, a um, situation of wrongful conviction or wrongful imprisonment. What do you think?
>
> Defendant: I think that would be fair. Um, I have no objections to it.
>
> * * *

comprehensively evaluated the denial of the suppression motion. *Taylor*, 2016-Ohio-2781 at ¶¶ 29–38.

For his second objection, Petitioner disagrees with the Magistrate Judge's conclusion that consent is not a defense to a drug trafficking charge. (Doc. 22, PAGEID 598). He maintains that *State v. Mehozonek*, 8 Ohio App.3d 271, 274–75 (Ohio Ct. App. 1983), controls the outcome of his sufficiency of the evidence claim (ground three)—regardless of its distinguishing factual features and despite the fact that it is a non-controlling and nearly forty-year-old decision from Ohio's Eighth District Court of Appeals. The *Mehozonek* opinion's merits discussion opens as follows: "An essential element of the crime of theft is the victim's lack of consent." *Id.* at 274. The court went on to hold that "[i]f the owner originates the criminal plan, for the purpose of testing the trustworthiness of an employee, the courts uniformly hold that an owner by his or its conduct has consented to the taking, and that no crime has been committed." *Id.* It is logical that evidence of consent could undermine a conviction where lack of consent is an element of the crime at issue; but that logic does not apply here. Petitioner's citation to *In re Winship*, 397 U.S. 358 (1970), is inapposite. Lack of consent is not an element of drug trafficking.

---

Court: [Y]ou certainly have the right if you want to, to hire and substitute any attorney that you wish for Mr. Meadows. That's always your right under the laws of the United States and the State of Ohio. [Trial counsel] is there if and only if, you still believe that you are unable to hire and retain the services of a lawyer of your choice. I simply want to repeat that.

(Doc. 6-1, PAGEID 260–61, 262).

6

## IV. CONCLUSION

Consistent with the foregoing, Petitioner's Objections (Docs. 19, 23) are **OVERRULED;** and the Report and Recommendations (Doc. 10) and the Supplemental Report and Recommendations (Doc. 22) are **ADOPTED**. The Report and Recommendations (Doc. 18) is **ADOPTED AS MODIFIED** to provide for the vacating of the Court's prior Order (Doc. 11) adopting the initial Report and Recommendations (Doc. 10) in addition to reopening the Clerk's Judgment (Doc. 12). The Petition (Doc. 1) is **DISMISSED** with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner is **DENIED** a certificate of appealability and the Court **CERTIFIES** that any appeal would be objectively frivolous.

**IT IS SO ORDERED**.

/s/ *Michael R. Barrett*_____
Judge Michael R. Barrett
UNITED STATES DISTRICT JUDGE